to 14-121, and to read the fourth FOID Card Application of Steve Armclang, Steve Armclang, plaintiff, Applee, in the Illinois Department of State's case, defendant, Cullen. On behalf of the defendant, Cullen, I turn to Mr. Carl J. Ellis. On behalf of the defendant, Applee, I turn to Mr. Jeffrey A. Miller. Good morning, folks. Mr. Ellis, are you ready to proceed? Good morning, Your Honors. May it please the Court, I'm a former assistant attorney general, Carl Ellis, for the Illinois State Police. Your Honors, in this case, the State Police sought to intervene in a circuit court proceeding as to file a 14-01 collateral attack on the judgment that had been entered. Now, you never filed the 14-01, correct? The 14-01 was attached to our motion to intervene. But it was never filed? No, Your Honor, and that's my contention. What happened was the circuit court sort of jumped to the merits of the 14-01 petition, sort of let us argue about whether it was or wasn't a meritorious petition, ruled it wasn't a meritorious petition, and then denied us leave to intervene. So my argument is that that's procedurally not proper. What should have happened was the court should have allowed us to intervene, pursuant to Section 408A-2 of the Code of Civil Procedure, because we were a party or we were a person entitled to bring that intervention application. At that point, the court should have considered the 14-01 motion, and then the court should have ruled in our favor on the 14-01 motion. There's been an absolute tide of cases in the last couple of years and in the last couple of months in particular that make it clear that the state police have the right to intervene in these type of cases after the judgment. The second district itself in Frederick this year, O'Neill out of the third, there was a case yesterday, and I'll bring a motion to cite that, called Odall out of the fifth district. All of these cases hold that the state police have the right to seek intervention in these cases where we learn after the fact that there's been an order entered where someone's entitled to a FOIA card, where we don't believe there is one. In this case, do we get to the issue as to whether or not the court made the proper ruling with respect to ordering the state police to issue the FOIA card? Do we even have to get there, or do we just need to determine whether or not you had the right to intervene? Yes. Yes. I think that the court can get there on this record. The circuit court asked us our reasons for the 14-01 relief. We gave it. The court considered the arguments that were made contrary to those, and the court made specific findings. They were erroneous findings, but there were specific findings on the record. So a remand here would seem pointless. Our right to intervention, I would say, is clear. But what is also clear is that this circuit court judge did not believe we had the right to deny Mr. McLean a FOIA card. And he gave us the option of bringing this appeal. I think maybe the circuit court understood that that would be resolved on appeal. Do you think that in the interim, with the onslaught of all of these cases, that perhaps the trial court might have more guidance to make their determination? I do, Your Honor. But I also think it would be a waste of resources to remand it back to the circuit court when we have an onslaught of cases that make it clear that Corum, the Illinois Supreme Court's decision, doesn't read the way I think many people thought it read, considering the strength of the last couple paragraphs of the lead decision. It's only after you sort of get into the leads that you realize, wait, there's four justices on the other side with regard to everything January 1, 2013 forward. And this application came after that point in time. So our argument is, as I think I said simply, we should have been granted the right to intervene and we'd ask this court to reach the merits and to rule in our favor. What about finality of judgments? Isn't that way to at least put some parameters on your rights? I think that's what Section 408 is all about, 408A2 and 1401. Finality of judgments is a concern, and it's the concern that I think the statutes require the court to weigh. But in this case, what's weighed on the other side is we have a decision where circuit court ordered the state police to issue a license, which the state police don't have authority to issue, or the circuit court doesn't have authority to issue either after January 1, 2013. But the circuit court has the right to be wrong. What do you think that the state's attorney should have done? Appealed. Absolutely should have appealed. And that's the thing that shows that we didn't have a representation in the circuit court. So just to be clear, your position would be any time that the state's attorney does not file a motion to reconsider or an appeal, they have simply failed to represent you adequately. Is that the blanket rule? Not any time. Only when they have a winning appeal, as was the case here. But isn't that their discretion? Isn't that the state's attorney's call when he or she feels that this is a meritorious issue? Absolutely, but they're not representing our rights at that point. They're representing the state's attorney, the county's rights. And the county has every reason to say, you know what? Appeals are expensive. They take a lot of time and they require our lawyers to spend a lot of time doing things that are less effective than if we had them do other things. But we're strangers to the proceeding in that case. That's an interesting question. Why is that so? You have all these resources, as you indicate in your brief. Why not monitor these cases more carefully? And petition to intervene before there's a final judgment. I think the state police should monitor these cases as best it can, but I don't have any facts as to what happened in this case. Did you notice in this case or no? No. As far as I know, Your Honor, I have to be careful about representations I make about what the state police did or didn't know because I'm just the appellate lawyer. But my understanding from the record is that we did not have any information about this FOIA application until after it was a done deal. The circuit court had ordered us to issue the card. In most of these cases that have come down before the appellate courts, the state police didn't have knowledge of this until the application for the FOIA card, or the court order from the court to issue the FOIA card came to you. Is that correct? And in this case as well. In this case as well. And in this case, how much time passed before you filed your 214-01 petition and your motion to intervene? From the decision of the circuit court to order us the FOIA card, I believe it was three and a half months. Okay. As I said, I think that procedurally this case really came off the rails when the judge started getting into what the law was and how it should be applied. Once he's done that, though, once we've made our arguments, once my opponent has made his, there just doesn't seem to be much reason to remand. We would take a remand and, as Your Honor suggested, make the arguments to the circuit court if that were required. But under Rule 366, this court could reach the same question. And as I would suggest to you as well, and as the loads of cases that have been coming down in the last couple months suggest, the quorum was just misread here, the FOIA card should not have been granted. And I'd ask the court either to do that, to reach the question, and to reverse with directions not to issue the FOIA card, or to remand with directions to the circuit court to take up the issue. Thank you, counsel. Thank you. Thank you. Mr. Meyer. Thank you, Ma'am. Police, court, counsel, Jeffrey Meyer, appearing on behalf of the appellee, Stephen R. McLean. I'm joined today by my associate, Amanda Wielgus. Your Honors, as counsel for the department has noted, the department has appealed two orders in this case. They've appealed both the March 21st, 2014 order, which found that substantial justice had not been done in denying Mr. McLean his FOIA card. And they've also appealed the trial court's order of November 3rd, 2014, which denied the department's petition to intervene in this matter. And denying them the ability to file 214-01 petition? I believe the order denies them leave to intervene. I don't believe the trial court order addressed the petition for relief from judgment. I know the answer to that. But did the court get to the issues of the 214-01 petition? I think that there is some discussion in the transcript of proceedings concerning it. It was never, however, formally briefed. I don't believe that my client ever had an opportunity in the trial court to address the merits of the 14-01 petition. It certainly was never formally briefed. Okay. In support of the appellee's contention that the trial court's order should be affirmed, I intend to raise three arguments, Your Honors. The first is that the department lacks standing to appeal the trial court's March 14th, 2014 order. That no timely appeal of that order has been filed by any party. And that even if the department has standing, its sole avenue for relief is a Section 214-01 petition for relief from judgment and not an appeal of the March 2014 order. Secondly, Your Honors, we would assert that the trial court did not abuse its discretion in denying the department's petition to intervene as a matter of right pursuant to Section 2408A. Because the department lacks non-party standing, it would afford it a right to seek relief or review of the trial court's March 21st, 2014 order. And even if it had standing, the trial court did not abuse its discretion in denying leave to intervene of right because the department's interests were adequately represented by the DeKalb County State's Attorney's Office. And third, Your Honor, we would argue that in the event this court finds that the trial court abused its discretion in denying the department's petition to intervene, the appropriate relief would be to remand the matter to the trial court, not to summarily grant the department's Section 214-01 petition. Because McLean is entitled, we believe, entitled to review of his petition for relief in the trial court under the pre-2013 amendment to the Floyd Card Act. And we believe that he has available as a remedy the ability to seek relief from the trial court from the prohibition or the disability under the federal statute that issued the case. As a threshold matter as to point one, I think it's important to note that the department was not a party to McLean's underlying petition for an order compelling issuance of a Floyd card. And this is not really a new issue for this court. This court has already reviewed this in the court's decision in Braggart. Did the state please have notice of that underlying action? Of the initial petition? I do not believe so, Your Honor. However, the statute doesn't require that the department be given notice. In fact, the statute specifically provides the petition can be served either on the department or upon the state's attorney's office. The appellate court in Tazewell versus, I believe it's the, pardon me, Williams versus the Tazewell County state's attorney's office, that was the issue before that court. And that decision holds that notice is adequate when provided simply to the applicable state's attorney's office. It does not have to be served upon the department. The department did receive notice after the order was issued. They were sent a copy of the court's order after it was, the March order after it had been entered, and then waited almost four months before it sought any relief from the trial court. Well, isn't that how most of the time that the department is notified, is once the court issues the order to issue the FOIA card, that's the first time that the department gets any notice in these cases? That's frequently the case, Your Honor. That's frequently the case, correct? Frequently the case. Okay, so then at that point, now they have notice and they come in and they want to intervene. How is it that they're not able to intervene when they had no notice up until that point? Well, it's not that they're not entitled to seek leave to intervene, but they still have to establish under 408A that they are entitled to intervene. That's my question, is how is it that they are not entitled to intervene? Well, they have to establish, in order to intervene, they have to establish that their interests were not adequately represented by the state's attorney's office. And as I think I indicated in our brief, the arguments that the department says in its brief that it would have presented to the trial court are substantially the same arguments that the state's attorney's office presented in this case. Well, not all of them. Not all. Not all of them. Correct. I mean, the state's attorneys didn't kind of stop at one point on about the second or about one or two issues. And then when the department came in, they had a whole plethora of other issues that they brought forth that weren't brought forth by the state's attorney's office, correct? The principal one, yes. Yes. The principal one being I think that in light of the Supreme Court's decision in Hays that the trial court has made an error, and we don't contest that they made an error in determining whether or not Mr. McQueen's conviction for battery in 1991 would qualify as a crime of domestic violence under the federal statute. That is error. But the department, its tangential interest here, as represented by the state's attorney's office, or even the people as represented by the state's attorney's office, aren't entitled to perfect representation. They're entitled to adequate representation. And there is authority which indicates that even where there is an error or a mistake, representation is not perfect and it may affect the outcome, that doesn't necessarily for purposes of 408A mean that representation was inadequate. And in support of that, I would cite Mississippi Bluff Hotel Inc. v. Rock Island County. It's 96-331. It's not cited in my brief, so I provide the citation for that reason. When did the department ask the state's attorney's office to represent them? I'm sorry, Justice, can you repeat the question? At what point did the department ask the state's attorney's office to represent them? I don't know that it ever expressly asked them to represent them. I don't think that for 408A that they have to have asked to be represented in order to be adequately represented. I think it's if their interests are adequately represented by a party to the action. And so you're submitting that their interests here were adequately represented. That's correct, Your Honor. Okay. That's correct. Additional citation is... Wait a second, what about a motion to reconsider? What about an appeal? By the state's attorney. They certainly could have done that. Wouldn't that be adequate representation? If they had... I mean, you stand here today and say, you know, the trial judge was dead wrong and just that one's on the house. I mean, why not pursue it? Well, they have discretion in determining whether or not to file an appeal. And in this case, apparently the state's attorney's office opted not to file an appeal. And they also, notwithstanding the fact that the department has pointed out in this case that there was an error made by the trial court in its interpretation of whether or not the underlying battery constituted a crime of domestic violence, even after that was pointed out to them by the department, has continued to decide not to seek relief on its own from the initial judgment or to belatedly appeal the trial court's March order. I think they have discretion to determine whether or not to do that. In any of these cases that have been come out recently, has the state's attorney's office stepped in and filed an appeal? Not that I'm aware of, Your Honor. Do you think there's a reason for that besides discretion? I'd be speculating, Your Honor. And I don't know that I have insight as to what goes into the decision-making process of various state's attorneys. But I think one important thing to point out regarding the more recent cases is that they're all interpreting or presuming that the 2013 amendments to the statute are what is applicable in those cases. There's no contest that the 2013 amendments changed the playing field, that they've significantly impacted the ability of a FOIA applicant to seek relief in a trial court. So I think that may account for some of the difference that we see in state's attorney's office's decision-making or in the way that the courts are treating the department's standing. So you're telling us you're seeking your fallback position is that it be remanded so that you can argue that before the trial court, whether or not it applies in this case to the applicant here. That is correct, Your Honor. We believe that this is, again, a kind of a fallback if we have to have the case remanded or if this court chooses to decide the merits of the 1401 petition, which was never filed, by the way, that we think that the pre-2013 version of the statute is applicable. Justice Shostak, you wrote in your opinion in Frederick that the applicable law or the law to be applied is that which is in effect at the time of the administrative action in question. And in this case, the administrative action was in 2011, and it was a denial of the petition for the FOIA card. And so that would have been the law. In effect, it would be the law prior to the January 1, 2013 effective date of the amendment. Okay. So in 2011, he would have been able to get a FOIA card. What would prohibit the department in 2013, after the law changed, to come in and revoke the FOIA card? Well, I think he had a vested right, at least procedurally and I think substantively as well, to seek relief that is no longer available because of the administrative action took place beforehand. That was a right he had at the time that he was denied his petition. That's not something that would be the case any longer. And Frederick, of course, I think addressed a revocation that was after a card had been issued. Well, there's been no revocation here. I suppose that if the department is ordered to issue a card, they could seek to revoke it. That's my question. Then we're perhaps here on a different issue. That's my question. If the department can issue him a FOIA card today, they can come back tomorrow and revoke it, can't they? Except then, Your Honor, I think that the argument I think that my client would have at that point is, wait, there is no longer a federal disability because of the fact that we were given this FOIA card. There's now been a reinstatement of my civil right to ownership of a firearm that removes a federal disability. The Fourth Circuit Court of Appeals just recently had a case, and I'll give the court the citation here. This is Kahnauer, C-O-N-N-O-U-R, v. Director of Illinois State Police, 2015. It'll have 4-130-746. And that decision said, well, we don't know about the federal law here, but we do know that now his rights have been issued. He's gone through this court process in the trial court. His rights have been reinstated under Illinois law. And they used the term reinstated. And the federal authority on the issue talks about deprivation and reinstatement in determining whether or not there is any longer a disability, because if your rights were, if you lost your civil rights and they're reinstated, that annuls the impact of the federal disability. Moreover, speaking to the 1401 position, or a meritorious defense that we would think that we should and would present to that, the circumstances here, I think, raise a constitutional question under equal protection, at least as applied to Mr. McLean. And that's never been something we've been able to articulate. It's never been an issue before any court in this matter. But the federal law, as it stands, if you are a felon, you serve time in prison, you're released from prison, and 20 years go by. And that felony could have been a violent felony. But in fact, 20 years after your sentence, since you lost your civil rights when you were convicted of that felony and incarcerated, once you're released from incarceration under elementary law, you mechanically have your civil rights restored. Well, none of this is in your brief, right? That's correct. But what we're talking, I think, Your Honor, is kind of a fallback position or what would we do if there were a 1401 or if we were given a remand. And these are, I think, things that we would certainly argue at that point. Well, with the current state of the law, how can you say it's adequate representation when they don't file a motion, at least a motion to reconsider? There's very little expense involved in filing a motion to reconsider. Granted, there may be some expense found in filing an appeal, but I want at least a motion to reconsider. Again, Your Honor, I think that is something that is within the discretion of the state's attorney's office. Granted, that may be within the discretion, but looking at it objectively, how can you say that that is adequate representation? There's a difference between adequate representation and the exercise of discretion, certainly, but those are two different things. Simply because a result may be different does not necessarily follow that representation is inadequate. I think if we go down that road, Justice, we're, I think, falling into a pitfall of looking at a result-driven decision in the case, and we shouldn't allow a desired result or even necessarily a result that this court thinks the law would otherwise dictate to dictate the result in this appeal. If you were representing a defendant in a criminal case, and the court clearly erred, and you did not file a motion to reconsider, do you think an ineffective assistance of counsel claim would be coming down? Under those facts, Your Honor, it's very possible that that would be something that was raised by a subsequent attorney or an appeal, but that's also a criminal case. This is a civil matter, and the standard for representation, what is and is not adequate, is not necessarily the same in a civil matter versus a criminal matter. For these reasons, Your Honors, we'd ask that the court affirm the decision of the trial court in this matter. I don't see how we're on time. I'd briefly conclude. Thank you. And alternatively, if not affirmed, that the court remain with instructions for the court to hear the 14-1 petition and allow my client an opportunity to contest it. Thank you. Thank you, Mr. Martin. Mr. Ewells. What I'm hearing my opponents say is that he'd like a remand so that the circuit court can address questions of law that have been briefed or have been decided. The question of whether the circuit court can or cannot issue a FOIA card after January 1, 2013, I think is perfectly clear. This application under the FOIA Act was not administrative review of a decision of the director. It was a new action in the circuit court. One of the elements he had to show was that he had made an application to the department, and the department had denied it. But isn't that something that he should have the right to argue before the circuit court? I mean, he's raised some, albeit, as my colleague pointed out, it's beyond the scope of the brief, but nonetheless, shouldn't he have the opportunity to raise those issues and require you to respond to them before the original tribunal, the circuit court? He's made the argument, or we've made our argument in the brief, and I believe he's responded. Actually, I know he has because that's the argument he just presented to the court as to what the power of the circuit court would be. He'd be remanding the question to the circuit court to consider its own power, knowing that the circuit court doesn't have the power, just waiting for our appeal to come back if the decision goes against us to say they don't have that power. Here's the cases. So it would be a remand that's pointless, and I think under 366, the court doesn't have to do that, Supreme Court Rule 366. He also argued or suggested an argument, a constitutional argument, which is not arguable, though. I believe the case that came out yesterday, a little out of the Fifth District, then I'll certainly file a motion asking the court leave to cite that and provide it to my opponent. But I think the court addresses that question and comes to the conclusion that there is not a constitutional violation for the department to deny a FOIA card. Are you speaking of the equal protection? I said equal protection. I'm not sure he said equal protection. That's what I heard him suggest was that his client is not a felon, and yet a felon might be able to get a FOIA card, and that seems to be a disconnect that someone might want to argue and appeal. But it's been argued at least by one of the courts going up to the Fifth District. They've ruled against it. So we have a situation where we'd be remanding again to make an argument that the appellate court has rejected. I'd ask the court to not remand and to rule that the Department of State Police does not have to issue a FOIA card in this case. And the alternative, if there should be a remand, we'll certainly deal with the remand. Thank you very much. Thank you. Thank you, gentlemen, for your arguments today. We will take this case under consideration and have your decision in due course.